Fremont-Smith, Thayer, J.
World Care Clinical, Inc. (“World Care”) has filed an amended complaint, claiming breach of contract (Counts One through Three), quantum meruit (Count Four), promissory estoppel (Count Five), unjust enrichment (Count Six), and violation of G.L.c. 93A. Braceo Diagnostics, Inc. (“Braceo”) has filed a counterclaim for breach of contract (Counterclaims One though Four), for breach of the implied covenant of good faith and fair dealing (Counterclaim Five), and for a declaratory judgment that World Care Clinical is not entitled to any payment (Counterclaim Six).

World Care’s Motions

World Care now moves this Court to bar Braceo from introducing evidence of World Care’s deficient performance of the underlying contracts. World Care directs this court to section 5.3 of the General Consulting and Services Agreement, which provides that, upon breach, the non-breaching party has a right to terminate upon thirty days written notice, and that, if the breaching party cures the breach within those thirty days, then the agreement will continue. World Care has submitted deposition testimony indicating that Braceo did not provide thirty days written notice prior to terminating its relationship with World Care. While this may indicate that Bracco’s termination of World Care’s contract was wrongful, section 5.3 does not, by its terms, bar Braceo from pursuing a claim of breach of contract for deficient performance. Indeed, section 5.4 provides that the right of either party to terminate the agreement shall not preclude any other right or remedy at law.
World Care argues alternatively that Braceo, by continuing to accept World Care’s service, waived any objection to defective performance, citing Massachusetts cases and Restatement (Second) of Contracts §246. This Court DENIES the motion. While this Court does not consider section 5.3 to be a bar to a claim of deficient quality, the jury may consider the issue of whether continued acceptance without giving notice of deficiencies was a waiver of objections.
World Care also moves to limit Bracco’s counterclaim damages to $51,558. This Court ALLOWED that motion for reasons stated on the record at the hearing.
World Care’s motion to exclude the testimony of Richard Gastineau was ALLOWED as to testimony regarding Bracco’s alleged damages, but was DENIED as to rebuttal testimony as to the quality of World Care’s work and its capabilities, for reasons stated on the record at the hearing.
World Care’s motion to exclude evidence as to which party was responsible for the selection and supervision of Dr. Michael Bourne’s admittedly poor work was DENIED, it being a factual issue for the jury.

Bracco’s Motions

Braceo has moved to estop World Care’s reliance on section 5.3 of the General Consulting and Services Agreement because of World Care’s previous position that the contract did not apply to the foot and illiofemoral studies. This Court DENIES the motion based on estoppel, but section 5.3 is not to be construed as a bar to Bracco’s claim of deficient performance, as discussed above.
Bracco has moved to estop World Care from pursuing its G.L.c. 93A claim as to the renal and carotid studies because the General Consulting and Services Agreement provides that the agreement shall be governed by the laws of New Jersey. This Court DENIES that motion. See Stagecoach Transp., Inc. v. Shuttle, Inc., 50 Mass.App.Ct. 812, 818 (2001) (choice of law provision in a contract does not bar a G.L.c. 93A claim where that claim is not limited to unfair acts arising from the contract, but encompasses the entire relationship of the parties).